UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS HAMPTON, JR.,

        Plaintiff,

                              CASE NO. 4:25-cv-13999
v.                            HONORABLE F. KAY BEHM

TREVOR VILLARREAL, et al,

        Defendants.
_____/

**OPINION AND ORDER DISMISSING THE CIVIL RIGHTS COMPLAINT, DIRECTING THAT FILING FEE BE SUBMITTED IN PLAINTIFF'S ORIGINAL CIVIL RIGHTS CASE AND CONCLUDING THAT AN <u>APPEAL CANNOT BE TAKEN IN GOOD FAITH</u>**

        In November, 2025, Michigan prisoner Curtis Hampton Jr. ("Plaintiff"), currently confined at the Kinross Correctional Facility in Kincheloe, Michigan, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 concerning events that occurred while he was confined at the Saginaw Correctional Facility in Freeland, Michigan. When he filed the complaint, Plaintiff did not pay the filing and administrative fee, nor did he submit an application to proceed without prepayment of the filing fee. Accordingly, the Court issued a deficiency order requiring him to do so by January 5, 2026. *See Hampton v. Villarreal, et al.*, No. 5:25-cv-13783 (E.D. Mich., Levy, J.).

        In December, 2025, Plaintiff submitted the instant civil rights complaint,

which is identical to his prior complaint, along with payment of the filing fee and administrative fee.  Plaintiff did not include his prior, pending case number on those materials.  Consequently, the Clerk's Office opened a new case instead of filing the materials in Plaintiff's original case.

      Federal courts avoid duplicative litigation and generally require a plaintiff to bring all claims arising from a common set of facts in a single lawsuit.  *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).  A legal action is duplicative if the "claims, parties, and available relief do not significantly differ between the two actions." *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993).  Although complaints may not "significantly differ," they need not be identical.  Courts focus on the substance of the complaint." *See, e.g., Bailey v Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (complaint was duplicative even though some different defendants were named because it repeated the same allegations as the prior case).

      A complaint that merely repeats pending or previously litigated claims may be dismissed as frivolous or malicious during screening under the PLRA.  *See, e.g., McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997) (repetitious litigation of virtually identical causes of action may be dismissed as frivolous or malicious); *Cato v. United States*, 70 F.3d 1103, 1105 n. 2 (9th Cir. 1995) (noting

that an action may be dismissed as frivolous when the complaint "merely repeats pending or previously litigated claims"); *Pittman v. Moore*, 980 F.2d 994, 994-995 (5th Cir. 1993) (ruling that it is "malicious" for a plaintiff to file a lawsuit that duplicates allegations of another pending lawsuit); *Bailey*, 846 F.2d at 1021 (affirming dismissal of prisoner's civil rights case as duplicative); *Hahn v. Tarnow*, No. 06-CV-12814, 2006 WL 2160934, *3-7 (E.D. Mich. July 31, 2006).

Plaintiff's civil rights complaint in this case is duplicative to his prior civil rights complaint in Case No. 5:25-cv-13783. When faced with a duplicative suit, it is within a federal court's discretion to stay or dismiss the suit before it, allow both federal cases to proceed, or to enjoin the parties from proceeding in the other suit. *Smith*, 129 F.3d at 361. The Court will not entertain a duplicative complaint. *See, e.g., Belser v. Washington*, No. 16-2634, 2017 WL 5664908, *1-2 (6th Cir. Sept. 13, 2017) (citing cases and affirming district court's dismissal of duplicative case as frivolous); *Childress v. Cole*, No. 10-14821, 2011 WL 163429, *3 (E.D. Mich. Jan. 19, 2011) (dismissing civil rights complaint in part as duplicative to pending case); *Scott v. Burress, et al.*, No. 09-10916, 2009 WL 891695 (E.D. Mich. March 31, 2009) (dismissing civil rights case as duplicative); *see also Davis v. United States Parole Comm'n*, 870 F.2d 657, 1989 WL 25837, *1 (6th Cir. March 7, 1989) (court may dismiss habeas petition as duplicative of pending petition when

3

the second is nearly the same as the first); *Smith v. Hochul*, No. 4:14cv0162, 2014 WL 3748643, *3-4 (N.D. Ohio July 29, 2014) (dismissing federal civil rights case filed in Ohio as duplicative of similar case filed in New York and, alternatively, for improper venue).

The Court concludes that Plaintiff's complaint in this case is duplicative of his prior, pending complaint and must be dismissed. Accordingly, the Court **DISMISSES** the instant civil rights complaint. This dismissal is without prejudice to the proceedings in Case No. 5:25-cv-13783. The Court also **DIRECTS** that the filing fee and administrative fee that Plaintiff submitted to the Court be applied to correct the deficiency in his prior, pending case. All future pleadings should be filed in Case No. 5:25-cv-13783. This case is closed.

Lastly, the Court concludes that an appeal from this decision would be frivolous such that it cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

**SO ORDERED**.


Dated:  December 17, 2025                    s/F. Kay Behm
                                             F. Kay Behm
                                             United States District Judge

4